People v Pierre (2025 NY Slip Op 07318)

People v Pierre

2025 NY Slip Op 07318

Decided on December 24, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
WILLIAM G. FORD
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2024-02451
 (Ind. No. 183/21)

[*1]The People of the State of New York, appellant,
vRichard Pierre, respondent.

Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, William H. Branigan, Lucy E. Pannes, and Holly Jordan of counsel), for appellant.
Patricia Pazner, New York, NY (Leila Hull of counsel), for respondent.

DECISION & ORDER
Appeal by the People from an order of the Supreme Court, Queens County (Karen Gopee, J.), dated March 1, 2024, which granted the defendant's motion pursuant to CPL 30.30(1)(a) to dismiss the indictment on the ground that he was deprived of his statutory right to a speedy trial.
ORDERED that the order is affirmed.
Where, as here, a defendant moves pursuant to CPL 30.30(a)(1) to dismiss the indictment on the ground that the People failed to exercise due diligence with regard to disclosure and, thus, did not file a valid certificate of compliance (see CPL 245.50[1]), the burden is on the People to establish that, in fact, they did exercise due diligence and make reasonable inquiries prior to filing the certificate of compliance, despite belated or missing disclosure (see People v Bay, 41 NY3d 200, 213; People v Serrano, 234 AD3d 879, 882). If the People fail to make such a showing, then the court should deem the certificate of compliance invalid, strike the statement of readiness as illusory, and, so long as the time chargeable to the People exceeds the applicable period under CPL 30.30, dismiss the indictment (see People v Bay, 41 NY3d at 213; People v Serrano, 234 AD3d at 882). Although the relevant factors for assessing due diligence may vary from case to case, in general, courts should "consider, among other things, the efforts made by the prosecution and the prosecutor's office to comply with the statutory requirements, the volume of discovery provided and outstanding, the complexity of the case, how obvious any missing material would likely have been to a prosecutor exercising due diligence, the explanation for any discovery lapse, and the People's response when apprised of any missing discovery" (People v Bay, 41 NY3d at 212; see People v McMahon, 237 AD3d 746, 749-750). "[A] valid certificate of compliance and readiness declaration will not be rendered illusory by subsequent diligent disclosures made in good faith" (People v Macaluso, 230 AD3d 1158, 1159 [internal quotation marks omitted]; see CPL 245.50[1], [1-a]).
Here, the People failed to exercise due diligence with regard to their discovery obligations both prior to the filing of their original certificate of compliance and thereafter (see People v Bay, 41 NY3d at 215; People v Serrano, 234 AD3d at 883; cf. People v McMahon, 237 AD3d 746, 750; People v Lawrence, 231 AD3d 1497, 1500). Although the People's failure to produce, inter alia, body-worn camera videos from five different police officers was inadvertent, the People did not adequately explain this lapse or, relatedly, why this relatively large amount of missing [*2]material should not have been obvious to a prosecutor exercising due diligence (see People v Bay, 41 NY3d at 215; People v Serrano, 234 AD3d at 883). Contrary to the People's contention, this case, in which the top count of the indictment was criminal possession of a weapon in the second degree (see Penal Law § 265.03), was not particularly complex. Moreover, as early as May 2022, defense counsel had flagged to the People that certain body-worn camera video appeared to be missing (see People v Bay, 41 NY3d at 215; cf. People v McMahon, 237 AD3d at 750-752).
As such, the Supreme Court properly determined that the People's original and supplemental certificates of compliance, dated March 31, 2022, June 17, 2022, and October 17, 2023, respectively, were invalid and struck the People's underlying statement of readiness as illusory. In the absence of a valid readiness statement tolling the speedy trial clock, there is no dispute that the People had exceeded the applicable six-month period under CPL 30.30(1)(a) when the defendant made the subject motion to dismiss. Thus, the court properly granted the defendant's motion to dismiss the indictment on the ground that he was deprived of his statutory right to a speedy trial (see People v Bay, 41 NY3d at 216).
BRATHWAITE NELSON, J.P., FORD, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court